# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 27  A 10: 09

CENTRAL DIVISION
CIVIL ACTION NO.

## 04-40218 FDS

RECEIPT # 404437
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. KH
DATE 10-27-04

|  |  |
|---|---|
| RICHARD MAY, **Individually and on behalf of** MICRO-LITE, INC. **Plaintiff** v. PAUL O'BRIEN **Defendant and** | ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### The Parties

1.    The Plaintiff Richard May is an individual who resides in Hardwick, Worcester County, Massachusetts.

2.    Micro-Lite, Inc. is a Massachusetts corporation, incorporated in 1991 with a principal place of business at 2039 Bridge Street, Three Rivers, Massachusetts. Micro-Lite manufactures precision microscope illumination systems.

3.    The Defendant Paul O'Brien is an individual who resides at 8480 Colebra Avenue, North Port, Florida.

### Jurisdiction

4.    This Court has subject matter jurisdiction over this matter based on diversity of citizenship pursuant to 29 U.S.C. §1332(a)(1) and because the amount in controversy exceeds the

statutory limit under 28 U.S.C. §1332(b). Specifically, the individual Plaintiffs are residents of Massachusetts, the Corporate Plaintiff has its principal place of business in Massachusetts, and the Defendant is a resident of Florida. Further, the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

6.    Venue is proper in this Division of this District pursuant to 28 U.S.C. §1391(a).

### Facts Common to All Counts

7.    Mr. May is the President, one of two directors and owns fifty percent of the outstanding shares of Micro-Lite stock. He is also the owner of O.C. White Company, a company that manufactures precision lighting and magnification devices. In many cases these instruments are fitted with Micro-Lite bulbs.

8.    Mr. O'Brien is the Treasurer, and is also a director and owner of fifty percent of the outstanding shares of Micro-Lite stock.

9.    From the time Micro-Lite was incorporated, Mr. May and the Defendant agreed that Mr. May would run the administrative and manufacturing aspects of the business and Defendant would run sales. They also agreed that all costs and all revenue would be shared equally by them.

10.    Micro-Lite experienced a slowdown in sales and in profits mirroring the post-9/11/01 economy. In response, Plaintiff began to carefully monitor expenses and control expenditures of Micro-Lite.

10.    In contrast to Mr. May's efforts, the Defendant spent Micro-Lite funds freely on personal items and on entertainment.

11.    In response to Defendant's refusal to control spending, Mr. May cancelled credit

cards that the two men were supposed to be using for Micro-Lite business expense but that the Defendant was using for personal expense. Mr. May had personally opened that credit account and was listed as the primary obligor on those credit cards.

12.     In late 2002 and into 2003, despite Mr. May's and Defendant's agreement to receive equal income from the company, Mr. May deferred receiving approximately $7,000 in draw to allow Defendant to continue to receive a regular draw despite declining revenue of Micro-Lite. Mr. May's draw was equalized over a period of time in 2003 and 2004.

13.     In early 2004, Micro-Lite's payables exceeded its receivables by over a two to one margin. Under pressure to pay major vendors, Micro-Lite borrowed $20,000 from a credit line that had been approved by Mr. May and the Defendant.

14.     Immediately after Micro-Lite took the credit line advance to pay vendors, Defendant accused Mr. May of stealing the $20,000. Defendant contacted Micro-Lite's bank and made similar statements to bank representatives. Defendant also sent faxes to Micro-Lite and O.C. White offices in which he accused Plaintiff of stealing money from O.C. White.

15.     When Defendant contacted Micro-Lite's bank, he demanded that the sum of $1,000 be placed in his personal bank account without explanation, despite the fact that no such sum was owed to him.

16.     Due to Defendant's irrational behavior with respect to the credit line advance, Micro-Lite repaid the credit line. Plaintiff then turned over the finances to Defendant so that Defendant could attempt to manage the payables and receivables. After three weeks of Defendant's inaction, Plaintiff took the finances over again.

17.     In April of 2004, Defendant misappropriated funds of Micro-Lite in order to pay

for his automobile. This unauthorized action caused Micro-Lite to overdraw its bank account. Despite Plaintiff's demand that Defendant return the funds he had misappropriated from Micro-Lite's account and cease and desist this wrongful conduct, Defendant again made a payment on his personal automobile out of Micro-Lite's account.

18.     In response to Defendant's unauthorized withdrawals from corporate accounts to pay personal bills, Plaintiff moved the funds to another account and denied Defendant access.

19.     In response to critical financial situation at Micro-Lite, Plaintiff discontinued all draw and reimbursement for both himself and for the Defendant.

20.     In June of 2004, Defendant contacted Micro-Lite and tendered his resignation. He remains a fifty percent stockholder of Micro-Lite.

21.     Shortly after his resignation, Defendant entered into a "Representative Agreement" with Micro-Lite, whereby he agreed to be paid a commission for sales of Micro-Lite products.

22.     The Representative Agreement contains a covenant not to compete with Micro-Lite.

23.     Shortly after his resignation, and contemporaneous to his execution of the Representative Agreement, Defendant began engaging egregious conduct meant to deceive Mr. May, Micro-Lite and Micro-Lite customers and vendors, for Defendant's own benefit.

24.     Defendant personally took control of Micro-Lite sales telephone and telefax numbers. These telephone lines are owned and paid for by Micro-Lite. Despite Plaintiff's best efforts to forward those lines to Micro-Lite's home office, Defendant repeatedly interfered with those lines until Verizon simply disconnected the lines with no forwarding message.

25.    Defendant received orders from Micro-Lite customers for Micro-Lite product but diverted those orders to himself personally.  He caused Micro-Lite to fill some of those orders and the rest were filled through Micro-Lite competitors.

26.    In instances where Defendant filled orders through competitors, he falsely informed the competitors that Micro-Lite had been dissolved.

27.    Defendant contacted customers whose orders he misappropriated and instructed them to send payments to his new Florida address.  Defendant led those customers to believe that they were still doing business with Micro-Lite.

28.    Plaintiff has demanded that Defendant cease and desist from his wrongful conduct.  Defendant has refused.

29.    Defendant has deliberately held orders and has refused to turn them over to Micro-Lite unless he receives substantial sums of money from Micro-Lite that he is not entitled to.

## COUNT I
## BREACH OF FIDUCIARY DUTY

30.    The Plaintiff realleges and incorporated paragraphs 1 thru 29 herein.

31.    Defendant has breached his fiduciary duties to the Plaintiff by usurping corporate opportunities, misappropriating corporate assets, failure to perform his employment duties, misappropriating trade secrets, and other intellectual property of Micro-Lite, and converting corporate property to his use and to the use of his new corporation.

32.    Plaintiff is entitled to injunctive relief and damages according to his proof at trial.

## COUNT II
## CONVERSION (Derivative Action on Behalf of Micro-Lite)

33.    The Plaintiff realleges and incorporates paragraph 1 thru 29 herein.

34.    Defendant has converted property of Micro-Lite. By virtue of Defendant's fifty percent ownership in the shares of Micro-Lite, any demand upon the corporation that it take actions against Defendant would be futile. Accordingly, Plaintiff is authorized to bring an action for conversion against Defendant and for the benefit of the corporation and to recover the corporation's damages, according to Plaintiff's proof at trial

## COUNT III
## ACCOUNTING

35.    Plaintiff realleges and incorporates paragraphs 1 thru 29 herein.

36.    Defendant is liable to the Plaintiff to render a true and complete accounting to the Plaintiff concerning sales of Micro-Lite that he diverted to himself from June of 2004 to the present.

## COUNT IV
## INTERFERENCE WITH ADVANTAGEOUS RELATIONS
## (Derivative Action on Behalf of Micro-Lite)

37.    Plaintiff realleges and incorporated paragraphs 1 thru 29 herein.

38.    The Defendant has knowingly and intentionally interfered with Micro-Lite's customer and vendor relationships, without justification and with improper motive. By virtue of Defendant's fifty percent ownership in the shares of Micro-Lite, any demand upon the corporation that it take actions against Defendant would be futile. Accordingly, Plaintiff is authorized to bring an action for conversion against Defendant and for the benefit of the

corporation and to recover the corporation's damages, according to Plaintiff's proof at trial

39.     Plaintiff is entitled to injunctive relief and has also been damaged according to his
proof at trial.

## COUNT V
## DEFAMATION

40.     Plaintiff realleges and incorporates paragraphs 1 thru 29 herein.

41.     Defendant  has made false and slanderous statements about the Plaintiff in faxes
sent to Micro-Lite and O.C. White, and in statements to vendors and customers of Micro-Lite, as
well as Micro-Lite's bank.

42.     Plaintiff is entitled to injunctive relief and damages according to his proof at trial.

## COUNT VI
## BREACH OF CONTRACT

43.     Plaintiff realleges and incorporates Paragraphs 1-29 herein.

44.     The Defendant has breached the Representative Agreement by his competition
with Micro-Lite for which Plaintiff is entitled to a preliminary injunction and damages according
to his proof at trial.


**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter the
following relief:

A.     As to Counts I, IV, V, and VI, enter preliminary and permanent injunctive relief
against the Defendants;

B.     As to Counts I, II, IV, V and VI, award Plaintiff damages, interest and attorney's
fees;

C.    As to Count III, order Defendants to render an accounting to the Plaintiff; and

D.    Award  such other and further relief as the Court deems just.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully Submitted,

Richard May,
By His Attorney,

Robert S. White, BBO#552229
Bourgeois, Dresser, White & Beard
4 Dix Street
Worcester, MA 01609
Tel: (508) 798-8801

October 26 , 2004

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Richard May
Individually and on behalf of
Micro-Lite, Inc.

## DEFENDANTS

Paul O'Brien

FILED
'S OFFICE

2004 OCT 27  A 10: 09

US DISTRICT COURT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Sarasota, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert S. White
Bourgeois, Dresser, White & Beard
4 Dix Street
Worcester, MA  01609
(508) 798-8801

ATTORNEYS (IF KNOWN)

04-40218

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 USC §133s(a)(1)

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☒ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $250,000 Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
10/26/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 - 40218**

FILED

1. **TITLE OF CASE** (NAME OF FIRST PARTY ON EACH SIDE ONLY) Richard May OFFICE
   Paul O'Brien

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST**
   **ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))**

   **X**     I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

      ——    II.    195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720,730,
                  740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

      ——    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

      ——    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

      ——    V.    150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))**
   N/A

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN**
   **FILED IN THIS COURT?** No

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS**
   **AFFECTING THE PUBLIC INTEREST?** No
   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)**

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES**
   **PURSUANT TO TITLE 28 USC 2284?** No

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF**
   **MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ____ OR IN THE WESTERN**
   **SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D))**
   **YES ____**

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN**
   **SECTIONS OF THE DISTRICT?** (YES)
   (a)   **IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?** Central

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____**

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY**
    **GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE**
    **IN THE CENTRAL SECTION_____OR WESTERN SECTION** N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Robert S. White

ADDRESS Bourgeois, Dresser, White & Beard
4 Dix Street
Worcester, MA 01609

TELEPHONE NO. (508) 798-8801

(COVER.SHT-08/90)